UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION,

Plaintiff,

v. Case No: 6:18-cv-211-Orl-18TBS

GARY G. GILLSTEDT, individually, and GARY G. GILLSTEDT, as last known director of SOUTHCORP ENTERPRISES, Inc., a dissolved Florida corporation,

Defendant.

---

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Entry of Default Final Judgment (Doc 10). Upon consideration, I respectfully recommend that the motion be **GRANTED**.

### Background

This is an action for breaches of certain promissory notes and guarantees (Doc. 1). The complaint alleges that on February 21, 2002, Defendant, Gary Gillstedt, as President and Secretary of Southcorp Enterprises, Inc., executed and delivered a promissory note to the United States Small Business Administration in the amount of One Hundred Seventeen Thousand Five Hundred Dollars ($117,500.00) with an initial interest rate of 4.00%. (Doc. 1, ¶ 4). Gillstedt also executed and delivered his unconditional guarantee that Southcorp would pay all sums due on the promissory note (Id., ¶ 6). On February 4, 2003, Gillstedt, as President and Secretary of Southcorp, executed and delivered a First Modification of Note to the SBA, increasing the principal amount to One Hundred Sixty-One Thousand One Hundred Dollars ($161,100.00) with an initial interest rate of 4.00%.

(Id., ¶ 7). Gillstedt also executed and delivered another guarantee of payment by Southcorp (Id., ¶ 9). On January 17, 2017, the SBA mailed Gillstedt a Notice of Default and Acceleration. (Id., ¶ 11). On February 6, 2017, the SBA mailed Southcorp a Notice of Default and Acceleration (Id., ¶ 12).

Plaintiff is the current owner and holder of the promissory note, First Modification of Note, and the guarantees. Plaintiff demanded payment, but payment has not been made (Id., ¶¶ 13, 14). On August 7, 2017, the amount owed on the promissory note and First Modification of Note is $110,578.14 inclusive of applicable fees, interest, and penalties, and Plaintiff has declared the full amount payable to be due (Id., ¶¶ 15, 16). Plaintiff seeks judgment for these sums, plus prejudgment interest through the date of judgment and costs and fees.

Defendant Gillstedt, in his personal and representative capacities, was served, did not respond, and the Clerk entered default against Gillstedt on April 9, 2018 (Doc. 9).[1] This motion, accompanied by a proposed Final Judgment and Order Closing Case (Doc. 10 at 4), a sworn Certificate of Indebtedness (Doc. 10-2) and cost invoices (Doc. 10-3), followed.

**Discussion**

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.1987). Nonetheless, a court may enter a default judgment only if the factual allegations of the

[1] Plaintiff alleges that Southcorp is administratively dissolved (Doc. 1, ¶10). Thus, Southcorp is not a named Defendant and Plaintiff does not appear to seek a judgment against it.

complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. See De Lotta v. Dezenzo's Italian Restaurant, Inc., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, *5 (M.D. Fla. Nov. 24, 2009).

Here, the uncontroverted and well pled allegations of the complaint establish Defendant's liability for the loan evidenced by the note and modification. "Once liability is established, the court turns to the issue of relief." Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in

the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Enpat, 773 F. Supp. 2d at 1313 (citing FED. R. CIV. P. 55(b)(2)). Where all the essential evidence is of record, an evidentiary hearing on damages is not required. SEC v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005).

Although Plaintiff affirmatively pled a total amount of $110,578.14 due, inclusive of fees, interest and penalties as of *August 7, 2017* (Doc. 1, ¶ 15), the motion is based on the evidentiary record provided by Plaintiff, which establishes the amount of damages sought as of *May 31, 2017*, as follows:

| Principal Amount Due | $107,400.27 |
|---|---|
| Interest at a rate of 4.00% | $ 2,377.52 |
| Costs | $ 120.00 |
| **Total Amount Due** | $109,897.79 |

(See the Certified Statement of Account (Doc. 10-2 at 2), and invoices reflecting process server fees). Plaintiff avers that per diem interest of $11.77 is presently accruing, beginning June 1, 2017, through the date of entry of the judgment.[2] The proposed Final Judgment reflects these figures.

As liability has been established, Plaintiff has provided an acceptable evidentiary showing as to entitlement to the damages it seeks, and the terms of the proposed Final Judgment are reasonable and do not substantially differ from the kind of relief requested in the complaint, the motion is due to be granted. If this recommendation is adopted, the

[2] It is assumed that the figure provided in the complaint includes this interest from June 1, 2017 through August 7, 2017 but does not include the costs.

Court should require Plaintiff to tender the original promissory notes for cancellation. See, e.g., SunTrust Bank v. Ink Slingers Airbrushing, Inc., No. 6:17-CV-177-ORL41TBS, 2017 WL 2560021, at *4 (M.D. Fla. May 3, 2017), report and recommendation adopted, 2017 WL 2538133 (M.D. Fla. June 12, 2017);[3] Citibank v. Dalessio, 756 F. Supp. 2d 1361, 1366 (M.D. Fla. 2010) (A plaintiff must tender the original promissory note to the trial court or seek to reestablish the lost note under Florida Statute Section 673.3091); Deutsche Bank Nat'l Trust Co. v. Huber, 137 So.3d 562, 564 (Fla. 4th DCA 2014) ("Because a promissory note is a negotiable instrument, a plaintiff seeking to foreclose on a defendant must produce the original note (or provide satisfactory explanation of the failure to produce) and surrender it to the court or court clerk before the issuance of a final judgment in order to take it out of the stream of commerce."); Alavi v. Garcia, 140 So.3d 1141, 1143 (Fla. 5th DCA 2014) (stating that this "surrendering" requirement can be met by filing with the clerk or judge before judgment is entered on the note).

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **GRANTED** and, upon tender of the original promissory note and modification to the Clerk for cancellation, that Final Judgment be entered in favor of Plaintiff and against Defendant Gary G. Gillstedt in the amount of $109,897.79, plus interest, all as set forth in the proposed Final Judgment (Doc. 10 at 4).

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

[3] The SunTrust Bank case also involved an SBA loan to Southcorp and Gillstedt.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 19, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties